OCTOBER TERM 1853. 273

Bruce *v.* Fairbanks.   City of Lowell *v.* Wyman.

### CITY OF LOWELL *vs.* AUGUSTUS M. WYMAN.

Since *St.* 1847, *c.* 82, § 5, the city of Lowell may recover, by action at law, or abutters on a city street, the expense of building a permanent sidewalk against their land, although a temporary sidewalk had been before erected by the city at the same place at the expense of said abutters; the lien given by statute being merely a cumulative remedy.

THIS was an action to recover the expense of constructing a sidewalk of brick and edge-stone, in front of the defendant's brick building, on Gorham street, in Lowell.   It was agreed that if the plaintiff had a right, under the facts stated, to tax the defendant for said sidewalk, everything had been done on the part of the plaintiff, as to petition, notice, demand, and all other proceedings which the law requires, to

entitle the plaintiff to recover. The following facts were also agreed to: In the year 1838, the land on which the defendant's building is situated, was owned by the Hamilton Manufacturing Company, with adjoining lots, and was not occupied with buildings, but kept as vacant land. While the said land was thus vacant, a temporary sidewalk, to be constructed of plank and timber, was ordered by the city to be built in front of the land aforesaid, at the expense of the abutters, and was so built. The defendant purchased of said company the lot of land where his building stands, and after he purchased, and after his building was erected, the temporary sidewalk was taken away, and the brick sidewalk was constructed by the city, and the defendant, among others, was assessed his proportion of the expense of the same, deducting the cost of the wooden sidewalk. The amount assessed against the defendant, was fifty-three dollars and eighty-three cents, from which was deducted fifteen dollars and thirty-three cents for the old sidewalk. The city charter, ordinances, assessments, and books, may be referred to, with the other papers in the case, and the court are to render such judgment as the law, under the above facts, requires.

On these facts, judgment was rendered for the defendant in the court of common pleas, and the plaintiff appealed to this court.

*I. S. Morse,* (city-solicitor,) for the plaintiff. 1. The temporary sidewalk was built only for temporary use, and never was accepted by the city. *St.* 1836, *c.* 128, § 9; Ordinances of the city, *c.* 20, § 21.

2. The lot having been vacant at the time the temporary sidewalk was built, and occupied at the time the brick sidewalk was constructed, the council were fully authorized to charge the defendant with the new walk and deduct the expense of the old one. *St.* 1847, *c.* 82, § 5.

3. The lien given by *St.* 1845, *c.* 203, does not take away the remedy by suit. *Crittenden* v. *Wilson,* 5 Cowen, 165; 1 Com. Digest, Action upon St. 436; 1 Russell on Crimes, 65, 66; Archb. Crim. Pl. 2; *King* v. *Harris,* 4 T. R. 205; *Blassingame* v. *Glaves,* 6 B. Monr. 38.

*T. Wentworth*, for the defendant. 1. The city having once constructed a sidewalk of plank and timber, against the defendant's premises, at the expense of the owner thereof, was obliged, by its charter, to maintain the same, free of charge to the defendant, and the same is a permanent sidewalk, within the meaning of the city charter. Lowell City Charter; *St.* 1836, *c.* 128, § 9; *City of Lowell* v. *French*, 6 Cush. 223.

2. The city has no authority to assess the defendant for stone posts and for setting the same, either under its charter, or under any law of the commonwealth, and the assessment, if illegal in part, is void. *St.* 1836, *c.* 128, § 9.

3. No action lies for this assessment of a sidewalk; a special remedy being given by the acts amending the city charter, passed March 25, 1845, and March 12, 1847. *Andover and Medford Turnpike* v. *Gould*, 6 Mass. 40; *City of Boston* v. *Shaw*, 1 Met. 138; *Crosby* v. *Bennett*, 7 Met. 17; *St.* 1845, *c.* 203; *St.* 1847, *c.* 82, § 5. For when a statute creates a new power and a new way of enforcing it, that way must be followed. *Williams* v. *Hingham Turnpike*, 4 Pick. 341; *Andover Turnpike* v. *Hay*, 7 Mass. 102; *New Bedford Turnpike* v. *Adams*, 8 Mass. 138; *Middlesex Turnpike* v. *Swan*, 10 Mass. 384; *Hinsdale* v. *Larned*, 16 Mass. 65; *Franklin Glass Company* v. *White*, 14 Mass. 286, affirms *Gould's case* directly; *Cutler* v. *Middlesex Factory Company*, 14 Pick. 483; *Chester Glass Company* v. *Dewey*, 16 Mass. 94; *Elder* v. *Bemis*, 2 Met. 599, and cases there cited; 1 Chit. Pl. (6th Am. ed.) 127, 128, 164; *Little* v. *Greenleaf*, 7 Mass. 236; *Osborn* v. *Danvers*, 6 Pick. 98; *Stowell* v. *Flagg*, 11 Mass. 364; *Baird* v. *Wells*, 22 Pick. 312; *Shaw* v. *Wells*, 5 Cush. 537; *Stevens* v. *Middlesex Canal*, 12 Mass. 466; *Gedney* v. *Tewksbury*, 3 Mass. 307; *Dodge* v. *County Commissioners of Essex*, 3 Met. 380; *Lebanon* v. *Olcott*, 1 N. Hamp. 339; *Calking* v. *Baldwin*, 4 Wend. 667; *Sudbury Meadows* v. *Middlesex Canal*, 23 Pick. 36; *Smith* v. *Drew*, 5 Mass. 514; 2 Saund. Pl. & Ev. 829; *Wiley* v. *Yale*, 1 Met. 552; *Whitman* v. *Hunt*, 4 Mass. 272; *Peirce* v. *City of Boston*, 3 Met. 520; *Hickox* v. *Cleveland*, 8 Ham. 543. By the *St.* of 1847, *c.* 82, § 5, it is

expressly provided, that assessments made in cases where per-manent sidewalks are substituted for temporary ones, are to be collected under the provisions of the former statute; viz., by sale of the land upon which the lien is given.

By the Court. On the agreed statement of facts, the court are of opinion that the plaintiff is entitled to recover the amount assessed by the city upon the defendant, for the construction of a permanent sidewalk in front of his build-ings, pursuant to the charter and by-laws. It appears that the first sidewalk was constructed, when there was no build ing erected, but the land was open and vacant, and that the first sidewalk of timber and plank was not only temporary in its nature, but was intended to be temporary, as on a vacant lot. In this respect, this case differs essentially from that of *Lowell* v. *French*, 6 Cush. 223. That case is said to rest solely on the authority of *St.* 1836, *c.* 128. The present de-cision, it appears to us, is justified by *St.* 1847, *c.* 82, § 5.

Another point made by the defendant was, that the ity had no right of action to recover such assessment, but that the only remedy was by the enforcement of a lien on the estate; but the court think the position untenable. This lien is given by an act to amend the charter of Lowell. *St.* 1845, *c.* 203, § 1. But this remedy was merely cumulative. The original charter, *St.* 1836, *c.* 128, § 9, provided for the construction of sidewalks, in front of buildings, " at the expense of the owners thereof." No specific remedy being given, the remedy must be sought in the common law, which was, of course, by action. The remedy given by the subsequent statute, was additional, and for greater security, and did not supersede the remedy by action.　　　　　　*Judgment for the plaintiff.*